BEFORE THE SECOND DIVISION, SEPTEMBER 3, 1953

**No. 57475.**—Jay Thorpe, Inc., and W. J. Byrnes Co. of N. Y., Inc. *v.* United States, protests 180575–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of articles in chief value of beads, not ornamented with beads, the same in all material respects as those the classification of which was involved in Abstract 56124, the claim of the plaintiffs was sustained.

**No. 57476.**—Eurasia Corporation, formerly Eurasia Import Co., Inc. *v.* United States, protest 192467–K (New York).

Opinion by FORD, J.   When this case was called for trial, the official papers were admitted in evidence, and it was agreed that the one bale of hats in question was withdrawn from warehouse on March 31, 1949.   The collector's report states that the merchandise would now be properly classified as claimed by the plaintiff. Upon the facts established by the record, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 17, 1953

**No. 57477.**—J. Ossola Co., Inc., and D & A Sclafani *v.* United States, protests 160399–K and 165182–K (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.

**No. 57478.**—Carlo Gatto *v.* United States, protest 181971–K (A) (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject

of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiff was sustained.

**No. 57479.**—Joseph Victori & Co., Inc. *v.* United States, protest 205807–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of grated coconut meat in sirup, in tins, similar in all material respects to that the subject of *Allied Food Corporation of America* v. *United States* (28 Cust. Ct. 222, C. D. 1412), the claim of the plaintiff was sustained.

**No. 57480.**—Ferry-Morse Seed Co. and Hoyt, Shepston & Sciaroni et al. *v.* United States, protests 203020–K, etc. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiffs was sustained.

**No. 57481.**—The Berry Seed Co. *v.* United States, protest 204966–K (B) (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 57482.**—North Atlantic Seed Co., Inc. *v.* United States, protest 206696–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport,*